**Bruce D. OVITZ, Plaintiff,**

v.

**JEFFERIES & COMPANY, INC., et al., Defendants.**

**No. 82 C 6651.**

United States District Court, N.D. Illinois, E.D.

June 18, 1984.

Mitchell H. Macknin, Bruce S. Sperling, Sperling, Slater & Spitz, Chicago, Ill., for plaintiff.

Richard C. Bollow, Jenner & Block, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Bruce D. Ovitz ("Ovitz") has sued his former employer Jefferies & Company, Inc. ("Jefferies"), Jefferies' Employees' Profit Sharing Plan (the "Plan") and the Plan's administrators, challenging their refusal to pay Ovitz a share of Jefferies' 1981 profits either through the Plan or in some manner other than through the Plan. During the course of their preparation of the final pretrial order, counsel for the litigants discovered they disagreed over whether Ovitz'

constructive discharge theory (that Jefferies had induced Ovitz' resignation to achieve Plan savings) was at issue in this case.

That question has now been posed by Ovitz' motion for leave to file an Amended Complaint with a new Count IV setting forth the constructive discharge theory. Defendants counter by urging that leave be denied, and by moving in the alternative for reimbursement of expenses caused by Ovitz' failure to include the theory in an earlier pleading. For the reasons stated in this memorandum opinion and order Ovitz' motion for leave to file the Amended Complaint is granted, but only on condition that he pay any expenses caused by the lateness of that filing (other than the cost of defendants' opposition to the current motion).

## Discussion

Ovitz' constructive discharge theory was first raised *after* close of discovery, in response to defendants' summary judgment motion. In denying summary judgment in the "Opinion," 574 F.Supp. 488, 494 (N.D. Ill.1983) (footnotes omitted) this Court commented:

> Finally Ovitz argues Jefferies is liable for an ERISA violation because it demoted him in a deliberate attempt to escape its liabilities to him under the Plan. Defendants urge strongly this is a new theory of liability, and it may well be. Complaint ¶ 11 alleges only that Ovitz was demoted and then as a result left the company. That was hardly enough, even under the liberal notice pleading approach of the Rules, to have put defendants on notice of Ovitz' "constructive discharge" theory—first advanced in his responsive memorandum.

> Understandably, then, defendants' response to the constructive discharge assertion was to concede all facts upon which Ovitz relies and to argue it is therefore impossible for disputed issues of material fact to remain. They urge this Court to decide as a matter of law whether Ovitz was constructively discharged.

That would be premature on the limited evidence now before this Court. Whether a reasonable person in Ovitz' position would have resigned as a result of his demotion, and whether defendants deliberately put Ovitz in that position "for the purpose of interfering with the attainment of any right to which [he] may become entitled under the plan" (29 U.S.C. § 1140), must be determined from the totality of the circumstances.

That language confirms two propositions pertinent here:

1. Ovitz' constructive discharge theory had not really been brought to issue even under the broadly liberal requirements of Fed.R.Civ.P. ("Rule") 8, because Complaint ¶ 11 was "hardly enough" to constitute notice of that claim to defendants.

2. Forced to deal with the issue at the late date Ovitz advanced it, defendants could only make an alternative attempt to defeat it under Rule 56 on the evidence then before this Court. That effort was insufficient because constructive discharge "must be determined from the totality of the circumstances."

Just as Ovitz' response to summary judgment did not put his theory in issue (after all Ovitz is the *plaintiff* here and was obligated to apprise defendants of what they had to meet), neither did this Court's consideration and confirmation of the second of the stated propositions. Thus an amendment to the Complaint is necessary.

Defendants argue initially Ovitz has waived any opportunity to amend his Complaint, because (1) almost seven months have passed since the Opinion and (2) there have been no intervening events such as the discovery of new evidence or a change in the law. That waiver contention is non-persuasive in light of the liberal amendment policy of Rule 15. Instead waiver should be ascertained by reference to the amount of prejudice caused by Ovitz' delay.

Defendants say they have been prejudiced in three ways:

1. They did not conduct discovery needed to deal with Ovitz' constructive discharge theory.

2. They relied on the absence of such a theory in preparing their trial brief and contributing to the final pretrial order.

3. They had no opportunity to move for a bench trial on the constructive discharge theory (this Court has already determined Ovitz' other theories will be tried to a jury).

Each such item of claimed prejudice can be cured by granting defendants reimbursement, pursuant to Rule 16(f)'s broad grant of authority to this Court to issue orders in connection with pretrial proceedings:

1. Defendants have not even suggested their failure to conduct discovery has led to the unavailability of any relevant evidence. They claim only it will be more expensive to conduct discovery in two waves, including for instance redeposing Ovitz.

2. Defendants' counsel can be reimbursed for diseconomies in preparation of their trial brief and contributions to the final pretrial order.

3. Defendants' original motion for a bench trial was denied in its entirety. To the extent (if at all) it takes more time and effort to move separately for a bench trial on the new Count IV than to have done so in that original motion, defendants may be reimbursed for that time as well. Of course such a motion must be reasonably well justified or its cost will have been caused by defense counsel's overreaching rather than by Ovitz' delay.

In each case the measure of damages must be the expenses caused by the lateness of notice of the constructive discharge theory, not the expenses caused by the constructive discharge theory itself, which is a totally proper subject for suit. See *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 729 F.2d 469, 475 (7th Cir.1984) (measure of damages for Rule 37(b) sanctions).

### *Conclusion*

If Ovitz desires to file his previously-tendered Amended Complaint on the conditions stated in this opinion, he must file in this Court's chambers by June 29, 1984 two copies of a letter stating that desire and consenting to those conditions.[1] Upon receipt of such a letter this Court will cause the original Amended Complaint and the original letter to be filed officially. At the same time the case will be removed from this Court's civil trial call and discovery will be reopened for the limited purpose of investigating the issues posed by Amended Complaint Count IV. Defendants may submit a revised trial brief and the parties may submit a revised final pretrial order. In addition, defendants may submit whatever motion or motions they reasonably believe are appropriate, together if possible with an agreed briefing schedule.

When defendants have incurred all expenses they believe to have been caused by the late filing of the Amended Complaint, counsel for both sides should attempt to agree on a reasonable amount to be reimbursed. If they cannot do so defendants may submit a fee petition, together with a statement of the issue or issues on which the parties have disagreed. This Court will establish appropriate procedures (an evidentiary hearing to the extent required, and briefing to the extent no evidentiary hearing is needed) to resolve the issue or issues.[2] No expenses are awarded on the current motion for leave to file the Amended Complaint.

---

**1.** Of course a copy of that letter must contemporaneously be served on defendants' counsel.

**2.** Because unreasonable behavior by either side during the process of determining the amount to be reimbursed may be considered in determining the final amount of the award, it is in everyone's interest to minimize any potential areas of dispute.